UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHEENA MORGAN, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-06-2068 |
| | § | |
| STATE OF TEXAS, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

As set forth in the June 20, 2006 Order to Show Cause, Plaintiff filed this 42 U.S.C. § 1983 civil rights action in May 2006, based upon events that allegedly occurred between 2000 and 2003. Because the applicable limitations period is two years,[1] the Court ordered Plaintiff to show cause as to why her claims should not be dismissed as time-barred. The Court additionally ordered Plaintiff to provide the Court with the date of birth of the minor Plaintiff referenced in the Complaint, as well as a statement specifically identifying any claims brought on behalf of the minor.

Plaintiff timely responded to the Order to Show Cause on July 20, 2006. With respect to the limitations period, Plaintiff asserts that she was unaware of the two-year statute of limitations until after attempting to obtain an attorney. Plaintiff further alleges that she has little or no income, and that she was denied legal representation after seeking assistance from various non-profit organizations and shelters. Although the Court is sympathetic to Plaintiff's difficult circumstances, her ignorance of the limitations period and her inability to obtain legal counsel do not excuse her failure to timely file this lawsuit, nor are these grounds for tolling the limitations

---

[1] Because there is no federal statute of limitations governing claims brought under section 1983, courts look to the personal injury limitations period of the forum state in order to determine the appropriate limitations period. *Burns v. Harris County Bail Bond Bd.*, 139 F.3d 513, 518 (5th Cir. 1998). In Texas, the applicable limitations period is two years. *Id.*; *see also* TEX. CIV. PRAC. & REM. CODE § 16.003(a).

period.  Accordingly, Plaintiff's action must be dismissed as time-barred under the applicable two-year statute of limitations.

With respect to the minor referenced in her Complaint, Plaintiff has failed to provide the minor's date of birth or any other information about the minor.  Similarly, while Plaintiff makes vague reference to abuse and endangerment of a minor, she has not identified any specific claims brought on the minor's behalf, nor has she explained the factual basis for any claims to be brought on the minor's behalf.  Plaintiff instead states that she is attempting to protect the minor's rights and privacy.  While the Court is sensitive to the privacy needs of minors, however, this action cannot be sustained without at least some factual showing to demonstrate the existence of a cause of action on behalf of the minor, as well as some factual basis for the claims to be asserted on the minor's behalf.  Because Plaintiff has failed to comply with the Court's Order requesting this information, this action should be dismissed with respect to the minor Plaintiff, as well.

For these reasons, this case is **DISMISSED WITH PREJUDICE**.  Plaintiff's motion to proceed *in forma pauperis* is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

**SIGNED** this 21st day of July, 2006.

_____
KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL
FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY
EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT